UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br>JONATHAN J. VIZARD, II,<br><br>Debtor | Chapter 7<br>Case # 04-45817-JBR |

## MEMORANDUM OF DECISION

This matter is before the Court on Debtor Jonathan J. Vizard's (the "Debtor") Motion to Avoid Judicial Lien [Docket No. 13] and Judicial Lien Creditor Carmen Loconto Garieri's Objection thereto [Docket No. 16]. Following a non-evidentiary hearing, the Court ordered the parties to submit memoranda of law. Based on these memoranda and the evidence on the record, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

## BACKGROUND

The facts giving rise to this matter are essentially undisputed. In June 1998, the Debtor and Jennifer Rhea[1] purchased a parcel of real property (the "Property") in Southbridge, Massachusetts as joint tenants. The Debtor filed a declaration of homestead on the property in March 2000.[2] On April 14, 2003, T. Carmen Loconto Garieri (the "Judicial Lien Creditor") obtained a judgment in her favor and an original execution in

---

[1] The Debtor and Jennifer Rhea later married. The date of their nuptuals is unknown.

[2] The Debtor's marital status at the time he filed his declaration of homestead is likewise unknown and has no effect on the matters before the Court.

1

the amount of $28,246.09 was issued on June 10, 2003 against the Debtor's interest only. The original execution was recorded in the Worcester County Registry of Deeds. On September 15, 2003 the sheriff levied the original execution upon the Property. On October 29, 2003 the Debtor and his wife transferred their respective interests in the property to Mrs. Vizard[3] individually for nominal consideration in order to refinance the Property. The deed did not specifically reserve the March 2000 estate of homestead. The judgment lien was neither discharged nor satisfied as of the date of the transfer. In November 2003, with the lien still unsatisfied, Mrs. Vizard entered into a mortgage and promissory note with First Federal Savings Bank of America ("First Federal") in her name only.

On July 27, 2004, an amended execution reflecting a higher rate of post-judgment interest was issued; the amended execution was not recorded. On September 23, 2004, Mrs. Vizard transferred the property from herself individually to herself and the Debtor as tenants by the entirety On the same day, the Debtor filed a new declaration of homestead. Again, the judgment lien was neither discharged nor satisfied.

The Debtor and his wife were given notice of an intended sale of the Property pursuant to the execution, and on October 15, 2004 the Debtor filed a voluntary individual Chapter 7 petition. Thereafter he filed a motion to avoid the judicial lien pursuant to 11 U.S.C. § 522(f).

As of the date of the Chapter 7 filing, the Property had a market value of approximately $250,000.00 and was encumbered with unavoidable mortgage indebtedness of approximately $145,000.00 pursuant to the November 2003 mortgage

---

[3] Although the date they married is unknown, it is undisputed that the Debtor and Mrs. Vizard were married on the date of this transfer.

2

granted by First Federal. The property was also encumbered with four Massachusetts Department of Revenue tax liens totaling in excess of $200,000.00. Neither party disputes that the judicial lien completely impairs the Debtor's claimed exemption pursuant to 11 U.S.C. § 522(f)(2)(A) and, if the lien is deemed avoidable, may therefore be avoided in its entirety.

**POSITION OF THE PARTIES**

The Debtor makes the following arguments: (1) the judicial lien is avoidable in its entirety because the original recorded execution affixed to an interest he had in the Property and the lien completely impairs his claimed homestead exemption; (2) the issuance of the amended execution rendered the original execution invalid; (3) that the judicial lien may secure a debt that is non-dischargeable is irrelevant because non-dischargeable debts are not included in the exceptions to the Debtor's right to exempt property; and (4) although the original execution, if valid, is senior in priority to the November 2003 mortgage, the relative priority of the liens affecting the property is irrelevant because the judicial lien impairs an exemption to which he would otherwise be entitled.

The Judicial Lien Creditor responds with several arguments. First, because the Debtor transferred his interest in the property to his wife only following the recordation of the judgment, his wife took that interest subject to the judicial lien. That transfer terminated his interest in the Property and the subsequent transfer from his wife individually to the tenancy by the entirety created a new interest encumbered with the judicial lien. As the judicial lien attached before the Debtor took his current interest, the Judicial Lien Creditor maintains that it is unavoidable. The Judicial Lien Creditor also

3

argues that the issuance of the amended execution did not invalidate the original recorded execution; because the judicial lien secures a debt that is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), the lien may not be avoided; and because the judicial lien is senior in priority to the consensual mortgage lien obtained by the Debtor's wife following entry of the judgment, the judicial lien does not impair the debtor's exemption rights.

## Discussion

The Judicial Lien Creditor's arguments that the judicial lien is unavoidable because it secures non-dischargeable debt and is senior to the consensual mortgage lien merit little discussion. It is well settled that a debtor may avoid a judicial lien for a debt that is otherwise nondischargeable (i.e., for a student loan or for fraud) to the extent it impairs an exemption. *In re Allen*, 217 B.R. 945, 949 (Bankr. M.D.Fla. 1998); *In re Scott*, 199 B.R. 586, 592 (Bankr. E.D.Va. 1996); *In re Ash*, 166 B.R. 202, 204 (Bankr. D.Conn. 1994); *In re DeCosmo*, 163 B.R. 227, 228 (Bankr. W.D.N.Y. 1994); *In re Evaul*, 152 B.R. 31, 32 (Bankr. W.D.NY. 1993). Additionally, the relative priorities of the judicial and mortgage liens have no bearing on the Court's determination of whether the Debtor may avoid the judicial lien. *In re Smith*, 315 B.R. 636, 641 (Bankr. D.Mass. 2004) ("Though Congress went to some length to distinguish those [liens] that could be avoided from those that would be protected, it gave no special protection to judicial liens that are senior to unavoidable mortgages."). Whether the judicial lien is avoidable depends upon when the lien attached and whether the lien was invalidated by the issuance of the amended execution.

**A. When did the judicial lien attach?**

4

Section 522(f)(1) provides in relevant part as follows: "Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid *the fixing of a lien on an interest of the debtor in property* to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien..." (*Emphasis added*).

Under 11 U.S.C. § 522(b), a debtor may choose the federal bankruptcy exemptions listed in § 522(d) or the exemption scheme provided by the debtor's state of residence along with those provided by federal nonbankruptcy law. 11 U.S.C. § 522(b); *In re Hildebrandt*, 320 B.R. 40, 43 (Bankr. D.Mass. 2005). Many states have opted out of the federal exemption scheme, limiting their debtors to those exemptions provided at state law. Massachusetts, however, has not.

In this case, the Debtor elected the state exemption scheme pursuant to which he claimed the Massachusetts statutory homestead exemption. He now argues that the judicial lien is avoidable because his acquisition of the Property and filing of a valid declaration of homestead took place before the judicial lien attached. The Judicial Lien Creditor does not dispute that the Debtor obtained an interest in the Property before the judicial lien attached, but contends that the deed transferring the Property from the joint tenancy to Mrs. Vizard individually absent reservation of the homestead terminated the Debtor's interest in both the Property and the homestead. As such, the Judicial Lien Creditor asserts that the lien could not impair an exemption to which the Debtor would otherwise be entitled because the subsequent conveyance to the Debtor and his wife as tenants by the entirety created a new interest which attached after the judicial lien had already affixed.

5

To resolve this disagreement, the Court must look to Massachusetts law. *Fiffy v. Nickless (In re Fiffy)*, 293 B.R. 550, 554 (1st Cir. B.A.P. 2003). According to Massachusetts law, an estate of homestead terminates by, among other things, "a deed *conveying* the property..., signed by the owner and the owner's spouse, if any, which *does not specifically reserve the estate of homestead*." Mass. Gen. Laws ch. 188 § 7(1) (*Emphasis added*). As such, in order to terminate an estate of homestead, two conditions must be met: (1) the property in which the homestead exists must be conveyed; and (2) the estate of homestead must not have been reserved in the deed of conveyance. *In re Hildebrandt*, 320 B.R. at 44.

Here, both conditions were satisfied. The deed conveying the Property to Mrs. Vizard individually was signed by the Debtor and his wife and the homestead was not specifically reserved. Consequently, the Debtor's interest and homestead were extinguished with the conveyance which transferred the whole Property to Mrs. Vizard subject to the lien.

11 U.S.C. § 522(f) does not pertain to "avoidance of any lien on a property," but instead expressly permits the avoidance of "the fixing of a lien on an interest of the debtor." *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S. Ct. 1825 (1991); *In re Cronkhite*, 290 B.R. 181, 182 (Bankr. D. Mass. 2003). Therefore, an attachment that occurs prior to the debtor's acquisition of an interest is not "on the debtor's interest." *Id*. Here, although the Debtor held an interest in the Property which predated the fixing of the judicial lien, he conveyed away that interest. Because his new interest and filing of a second homestead came after the judicial lien had already attached, 11 U.S.C. § 522(f)(1) affords him no shelter.

6

**B. Did the issuance of the amended execution render the original recorded execution invalid and thus unenforceable against the Debtor or his property?[4]**

The Debtor stresses that the failure to record the new execution rendered the original execution invalid. According to the Debtor, "the act of surrendering the Initial Execution to the clerk of the Dudley District Court rendered it a nullity and no longer enforceable against either the Debtor or his property." *Debtor's Supplemental Memorandum in Support of Motion to Avoid Judicial Lien*, p. 3. The Judgment Lien Creditor argues in response that her request that the execution be amended to add post-judgment interest simply brought the execution in accord with the judgment and that this act did nothing to invalidate the original recorded execution.

The Debtor has proffered, and the Court knows of, no basis or authority which would compel the result he suggests. A court may, *sua sponte* or upon motion, amend an execution so that it will conform to the judgment on which it is entered. *City of Boston v. Santosuosso*, 308 Mass. 202, 206, 31 N.E.2d 572, 576 (Mass. 1941). Here, at the request of the Judicial Lien Creditor, the clerk merely undertook the ministerial act of amending the original execution to include a higher rate of post-judgment interest. As such, the Judicial Lien Creditor did not "voluntarily surrender" her rights in the original recorded execution, as argued by the Debtor, but rather moved to have it amended. There is no basis under Massachusetts law for the proposition that a failure to record an amended execution will render the original recorded execution a nullity. The Property had already been validly seized at the time the Judicial Lien Creditor obtained the amended

---

[4] Although this issue should have been raised in an adversary proceeding, as the basis for the argument is that the lien is voided without regard to whether it impairs an exemption or not, see Fed. R. Bankr. P. 7001(2), the Court believes it expedient to address it here.

7

execution. The Judicial Lien Creditor's failure to record the amended execution had no effect on the enforceability of the original recorded execution.

## CONCLUSION

For the foregoing reasons, the Debtor's Motion to Avoid Judicial Lien [Docket # 13] is hereby DENIED.

A separate Order will issue.

Dated: June 13, 2005                By the Court,

*(signature)*
Joel B. Rosenthal
United States Bankruptcy Judge